UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

=====================================
AARON FRIEDMAN individually and
all other similarly situated consumers

                        Plaintiff,

    -against-

GLASS MOUNTAIN CAPITAL LLC
D/B/A GMC CREDIT SERVICES

                        Defendant.
=====================================

## CLASS ACTION COMPLAINT

### *INTRODUCTION*

1) Plaintiff Aaron Friedman files this Complaint seeking redress for the illegal practices of Defendant Glass Mountain Capital LLC d/b/a GMC Credit Services ("Glass Mountain Capital") who, inter alia, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2) The Plaintiff alleges that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Such collection practices include, inter alia:

    a) Leaving prerecorded telephonic messages for consumers, which fail to

      provide meaningful disclosure of Defendant's identity;

    b) Leaving prerecorded telephonic messages for consumers, which fail to disclose that the call is from a debt collector; and

    c) Leaving prerecorded telephonic messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

3) The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4) The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." <u>Clomon v. Jackson</u>, 988 F.2d 1314 (2d Cir. 1993).

5) To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(l)-(6). Among the per se violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6). To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the per se violations prohibited by that section are: using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

## PARTIES

6) At all times relevant to this lawsuit, Plaintiff is a citizen of the State of New York who resides within this District.

7) Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA.

8) The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

9) At all times relevant to this lawsuit, Defendant's principal place of business is located within Schaumburg, Illinois.

10) Defendant is regularly engaged upon, for profit, in the collection of allegedly owed consumer debts.

11) Defendant is a "debt collector" as specifically defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## JURISDICTION & VENUE

12) Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

13) Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## FACTUAL ALLEGATIONS

14) Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

15) Within the one year immediately preceding the filing of this complaint, the Defendant contacted the Plaintiff on multiple occasions via telephone and left numerous prerecorded voice messages in an attempt to collect the alleged obligation.

16) By way of limited example only, the following is a transcript of one such prerecorded message that Defendant left for Plaintiff on his cellular telephone voicemail system on or about May 30, 2013:

"Please press one now; if this is not, please press two; this is a message for Aaron Friedman regarding a personal business matter; this is not a sales or marketing call; if you are not Aaron Friedman, please hang up or disconnect; if you are Aaron Friedman, please continue to listen to this message; there will now be a short pause to allow you to disconnect; by continuing to listen to this message you acknowledge you are Aaron Friedman; this is GMC Credit Services; you can contact us between 8:00am and 9:00pm Eastern at 877-208-9952; when calling please use reference number 4475269; once again we have a message for Aaron Friedman regarding a personal business matter; the number to call is 877-208-9952 and the reference number is 4475269; thank you."

17) During the said calls, Defendant failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), namely, by failing to advise Plaintiff that the calls were from a debt collector or that the Defendant was attempting to collect a debt.

18) Each of the prerecorded messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

19) Each of the above prerecorded messages uniformly failed to identify the callers as debt collectors attempting to collect a debt.

20) The only way for Plaintiff and/or any least sophisticated consumer to

obtain the identity of the caller leaving the prerecorded messages, and to ascertain the purpose underlying the messages, is to place a return call to the telephone number provided in the prerecorded messages and speak with a debt collector employed by Glass Mountain Capital, and to provide the debt collector with personal information.

21) The Defendant intended that the prerecorded messages have the effect of causing Plaintiff, and least sophisticated consumers to place return calls to the telephone number provided in the prerecorded messages and speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the prerecorded messages, and to ascertain the purpose underlying the messages.

Scores of federal court decisions -- including the 2nd Circuit Court of Appeals and Districts Courts within the State of New York -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

22) At all times relevant to this action, Glass Mountain Capital was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said prerecorded messages, by accurately stating its company name and stating the nature and/or purpose of the call.

23) At all times relevant to this action, Glass Mountain Capital willfully,

deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said prerecorded messages, by accurately stating its company name and stating the nature and/or purpose of the call.

24) The Defendant's act of leaving the said prerecorded messages for Plaintiff is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

25) The Defendant's act of leaving the said prerecorded messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

26) The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that Glass Mountain Capital is a debt collector in a manner understandable to the least sophisticated consumer, the Defendant has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

27) It is Defendant's policy and practice to leave prerecorded voice messages for consumers and other persons, such as the above said prerecorded messages, that violate the FDCPA by, inter alia:

    a) Failing to provide meaningful disclosure of Glass Mountain Capital's identity; and

    b) Failing to disclose that the call is from a debt collector; and

    c) Failing to disclose the purpose or nature of the communication, i.e. an attempt to collect a debt.

28) Upon information and belief, such prerecorded messages, as alleged in this complaint, number at least in the hundreds.

29) Upon information and belief, the said messages were pre-scripted.

30) Defendant has engaged in a pattern of leaving prerecorded messages without disclosing that the communication is from a debt collector.

31) The said prerecorded telephone messages are in violation of 15 U.S.C. §§ 1692d(6), 1692e, 1692e(10) and 1692e(11) for failing to indicate that the prerecorded messages were from a debt collector which constitutes a deceptive practice.

32) Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

33) This action is brought as a class action. Plaintiff brings this action individually, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

34) With respect to the Plaintiff's Class, this claim is brought on behalf of a class of (a) all persons in the State of New York. (b) for whom Glass Mountain Capital

left a voicemail or answering machine message, in the form of the above said prerecorded messages, (c) that did not identify Glass Mountain Capital by its true company name or state that the call was for collection purposes (d) made in connection with Glass Mountain Capital's attempt to collect a debt (e) which the said messages violate the FDCPA (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

35) The identities of all class members are readily ascertainable from the records of Glass Mountain Capital and those business and governmental entities on whose behalf it attempts to collect debts.

36) Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Glass Mountain Capital, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

37) There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's telephonic voice messages, such as the above said prerecorded messages, violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

38) The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

39) The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause him not to vigorously pursue this action.

40) This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's telephonic voice messages, such as the above said prerecorded messages violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause him not to vigorously pursue the instant class action lawsuit.

    e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

41)     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said prerecorded messages violate 15 U.S.C. §1692d(6), 1692e(10), and/or §1692e(11) is tantamount to

declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

42) Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

43) Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

44) Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff individually, and the members of a class, as against the Defendant.*

45) Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46) Defendant violated the FDCPA. Defendant's violations with respect to the above said messages include, but are not limited to, the following:

   a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of

15 U.S.C. § 1692d;

b) Leaving prerecorded voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt), in violation of 15 U.S.C. § 1692d(6);

c) Using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, which constitutes a violation of 15 U.S.C. § 1692e(10);

d) Failing to disclose in its initial communication with the consumer, when that communication is oral, that Defendant, Glass Mountain Capital was attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

e) Failing to disclose in all oral communications that Glass Mountain Capital is a debt collector in violation of 15 U.S.C. § 1692e(11).

47) As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover actual and statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

c) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation:

    Directing Defendant to cease engaging in debt collection practices that violate the FDCPA; and

d) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
December 24, 2013

/s/ David Palace
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

/s/ David Palace
David Palace esq. (DP 3855)